Beulah H. SEE, and Beulah H. See, Executrix of the Last Will and Testament of Andrew D. See, Appellant,

v.

Andrew H. SEE et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Sept. 21, 1956.

P. H. Vincent, W. H. Hooks, Ashland, for appellant.

W. H. Dysard, Ashland, for appellees.

CAMMACK, Judge.

This is an appeal by Beulah H. See, both individually and as executrix of the will of Andrew D. See, from a judgment on a jury verdict in an action instituted by the appellees, children of See by a former marriage. The jury found that a written instrument was not the will of Andrew D. See, on the ground that it was obtained by undue influence.

Andrew D. See died on April 22, 1954, survived by his wife, Beulah H. See, five adult children by a previous marriage, his mother and some brothers and sisters. By a written instrument purporting to be his last will he devised all of his personalty and a life interest in his realty to his wife, with the remainder to his children. This alleged will was executed some six months after his marriage to Beulah H. See in June, 1952, and eighteen months before his death. In attacking the writing the children charged that it was not the last will and testament of their father because at the time of its execution he was not of sound mind and was subject to undue influence by Beulah H. See. At the trial the jury was told that the ground of mental incapacity was not in the case.

The deceased personally contacted Fred Clay, who is not an attorney, though he writes wills from time to time, and told him how he wished to devise his estate. Clay drafted the writing in question, re-

turned it to the deceased and the two of them discussed it. There is no showing that Mrs. See exerted any influence upon her husband to cause him to make a will; or, indeed, that she even knew that such an instrument was being prepared until the final draft had been returned to her husband. The writing was not signed immediately. Mrs. Claude Hayes, a sister of the deceased, testified concerning a conversation with Mrs. See, saying: "Well, at one time she said she asked him about signing it and I don't know what she said, and he said, 'Is that a threat or a demand?'" The signing was witnessed by Sammy Cordle and Betty Jo Cordle, his wife, who were lessees in an apartment building owned by the deceased, and who had been asked to witness the signing by Mrs. See.

The appellant's principal contention is that the trial court erred in not directing a verdict for her at the close of the evidence. Undue influence to avoid a will must be of such a nature as to destroy the free will of the maker. Ecken's Ex'x v. Abbey, 283 Ky. 449, 141 S.W.2d 863. Where there is an unnatural distribution of an estate to such an extent as to constitute a gross inequality in the distribution, or evidence tending to show that the testator was mentally incapable, then less evidence is required to submit the question of undue influence to the jury. Teegarden v. Webster, 304 Ky. 18, 199 S.W.2d 728; Warnick v. Childers, Ky., 282 S.W.2d 608. See also 42 Ky.L.J. 671, 677, and the cases analyzed therein. Here, there is no evidence of mental incapacity on the part of the deceased. We find nothing unnatural nor any gross inequality in the deceased's distribution of his estate. We think it only natural that, as a general proposition, a husband would leave a life interest in his realty to his wife, even though she not be his first spouse. The personalty, all of which was left to Mrs. See, amounted to little more than she would have been entitled to under the widow's exemption clause had the deceased died intestate. KRS 391.030 (1) (c).

The testimony of the witnesses, both for the contestants and the proponent, depicts the deceased as a very religious man, of strong character and convictions, a man not easily susceptible of influence. We find no evidence that there was any influence of such a nature as to destroy the free agency of the testator in the execution of his will. The evidence introduced by the appellees was not of sufficient probative value to warrant the submission of the question of undue influence to the jury. The proponent's motion for a directed verdict should have been sustained, or in lieu thereof the court should have sustained the motion to set aside the judgment and enter judgment for the proponent.

The judgment is reversed, with directions to set it aside, and to enter one consistent with this opinion.